LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff*

14 CV 3284

RECEIVED
MAY 0 3 2014
U.S.D.C. S.D. N.Y.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

FAUSTO LAZALA,
*on behalf of himself, FLSA Collective Plaintiffs,*
*and the Class,*

          Plaintiffs,

    v.

SHINOBI NY LLC and HARUO YAZAKI,

        Defendants.

---

Case No.:

**COMPLAINT**
**Jury Trial Demanded**

Plaintiff FAUSTO LAZALA (hereinafter, "Plaintiff"), on behalf of himself, FLSA Collective Plaintiffs, and the Class, by and through his undersigned attorneys, hereby files this Complaint against Defendants, SHINOBI NY LLC and HARUO YAZAKI (each individually, "Defendant" or, collectively, "Defendants"), and states as follows:

### INTRODUCTION

1.    Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid wages due to time-shaving, (3) liquidated damages and (4) attorneys' fees and costs.

1

2.     Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid wages due to time-shaving, (3) unpaid spread of hours premium, (4) liquidated damages (5) statutory penalties and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.     Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.     Plaintiff FAUSTO LAZALA is a resident of Bronx County, New York.

6.     Defendant, SHINOBI NY LLC, is a domestic company organized under the laws of New York, with an address for service of process at 100 Church Street, Suite 816, New York NY 10007. SHINOBI NY LLC has a principal place of business located at Ninja New York, 25 Hudson St., New York, NY 10013.

7.     Defendant HARUO YAZAKI is a member of SHINOBI NY LLC. HARUO YAZAKI exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and the Class. With respect to Plaintiff, FLSA Collective Plaintiffs, and the Class, he exercised the power to (i) fire and hire, (ii) determine rate and method of pay (iii) supervise and otherwise control Plaintiff's direct supervisors and (iv) otherwise affect the quality of employment.

8.     At all relevant times, Defendant, SHINOBI NY LLC, was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

2

9.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants. Defendant Haruo Yazaki hired each of the executive chefs and managers who interacted directly with Plaintiff, FLSA Collective Plaintiffs and the Class. However, at all times, Defendant Haruo Yazaki had the power to direct the terms and quality of employment of the Plaintiff, FLSA Collective Plaintiffs and the Class, and established and implemented wage and hour policies of Defendant SHINOBI NY LLC.

## FLSA COLLECTIVE ACTION ALLEGATIONS

10.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons including wait staff, bussers, runners, bartenders, barbacks, cooks, line cooks, dish washers, and food preparers, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

11.     At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay the proper wages due to time-shaving and overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

12.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA

3

Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

13.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons including wait staff, bussers, runners, bartenders, barbacks, cooks, line cooks, dish washers, and food preparers employed by Defendants at each of their business locations on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

14.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

15.     The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

4

16.    Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay "spread of hours" premium, (ii) failing to provide proper notice to employees, including rate of compensation, trade name of employer, among others, at the beginning of employment and annually thereafter pursuant to the requirements of the New York Labor Law, (iii) failing to provide wage statements to Class members that are in compliance with the requirements of the New York Labor Law, (iv) failing to pay Class members the proper overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek and (v) failing to pay Class members for all hours worked due to a policy of time-shaving. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

17.    Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

18.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously

prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

19.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a

6

degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

20.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a.   Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

    b.   What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

    c.   At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class members for their work;

    d.   Whether Defendants provided proper wage statements informing employees of information required to be provided on wage statements as required under the New York Labor Law;

    e.   Whether Defendants paid overtime premium when Class members worked over forty hours per week;

    f.   Whether Defendants failed to pay Class Members for all hours worked due to a policy of time-shaving;

    g.   Whether Defendant failed to pay Class Members their spread of hours premium on days when their work day exceeded ten hours; and

    h.   Whether Defendants provided proper wage and hour notice to Class members, including rate of compensation, trade name of employer, among

others, at the beginning of employment and annually thereafter pursuant to
the requirements of the New York Labor Law.

### STATEMENT OF FACTS

21.     During the relevant time period, defendant HARUO YAZAKI hired
several managerial employees to work as executive chefs and/or managers (collectively
"Managers") who directly supervised the work of Plaintiff, FLSA Collective Plaintiffs,
and Class members. These managerial employees include manager "Okamoto" (last
name unknown), manager "Watanabe Mugen," and manager "Yusuke Mosa." All of
these managers acted under the instructions and with the authority of HARUO YAZAKI
to decide employee work schedules, hire new employees, and perform other supervisory
tasks when HARUO YAZAKI was not physically present at the Ninja restaurant.

22.     In or around September 2007, Plaintiff FAUZTO LAZALA was hired by
Manager Okamoto (last name unknown) to work as a dishwasher for Defendants' Ninja
New York restaurant located at 25 Hudson St., New York, NY 10013. He continued to
work as a dishwasher until March 2008 when he was promoted to work as a chef's
assistant. He continued to work as a chef's assistant until the end of his employment in
May 2012.

23.     From September 2007 until March 2008, FAUSTO LAZALA worked six
(6) days a week for approximately eight (8) hours per day. From March 2008 until
December 2009, he worked six (6) days a week for approximately eleven (11) hours per
day. Finally, from December 2009 until May 2012, he worked five (5) days a week for
approximately eight (8) hours per day.

8

24.    During his entire employment, Plaintiff LAZALA received a base hourly rate of $11.00 for all hours worked, including all hours worked in excess of 40 hours per week.

25.    At all times, Plaintiff, FLSA Collective Plaintiffs and Class members were required to wear uniforms mandated by Defendants. When employees began their shifts, they were not allowed to punch the time clock until after they had finished changing into their uniforms. Employees were also forced to punch out before they changed out of their uniforms at the end of their shifts. Due to this policy of time-shaving, Plaintiff, FLSA Collective Plaintiffs and Class members were not properly paid for all hours worked.

26.    Though Plaintiff, FLSA Collective Plaintiffs and Class members routinely worked over forty (40) hours per week, they would receive a biweekly paycheck that only paid them for forty hours per week (eighty in total). Plaintiff, FLSA Collective Plaintiffs, and Class members did not properly receive all of their compensation owed (including overtime) for all hours worked past forty (40) per week because it was Defendants' policy to not pay overtime to any employee. They would be paid in cash at their base hourly rate for hours worked over forty.

27.    At all times, wage statements of Plaintiff and Class members did not reflect all hours worked. Plaintiff observed that Managers would alter Plaintiff's and other Class members' time cards to reflect that they worked no more than forty (40) hours per week, though they worked more.

28.    Plaintiff's wage statements were inaccurate because, among other insufficiencies, they did not properly reflect his working hours. Thus Plaintiff's wage

9

statements are in violation of the New York Labor Law. Class members' wage statements were similarly inaccurate.

29.     At all relevant times, Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and Class members, even when their workday exceeded ten (10) hours.

30.     At all relevant times, Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to Plaintiff and Class members, in violation of the New York Labor Law. In fact, Plaintiff and Class members did not receive any wage notices during their period of employment with Defendants.

31.     Plaintiff retained Lee Litigation Group, PLLC to represent him and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM
### COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

32.     Plaintiff realleges and reavers Paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33.     At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

34.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

10

35.   At all relevant times, Defendant, SHINOBI NY LLC, had annual gross revenues in excess of $500,000.

36.   At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

37.   At all relevant times, the Defendants had a policy and practice of refusing to pay the proper wages to Plaintiffs and FLSA Collective Plaintiffs for their hours worked due to Defendants' policy of time-shaving.

38.   Such policies and practices were instituted willfully in that Defendants knew or should have known that they were unlawful.

39.   Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

40.   Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

41.   As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

11

42.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime wages and unpaid wages due to time-shaving, plus an equal amount as liquidated damages.

43.     Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW

44.     Plaintiff realleges and reavers Paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

46.     Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

47.     Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay Plaintiffs wages in the lawful amount for hours worked due to time-shaving.

48.     Defendants willfully violated Plaintiff's and Class members' rights by failing to pay "spread of hours" premium to them for each day they worked ten (10) or more hours.

49.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements and wage notices at the beginning of

employment and annually thereafter to Plaintiff and Class members in violation of the New York Labor Law.

50.    Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid overtime, unpaid wages due to time-shaving, unpaid "spread of hours" premium, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §663(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.    An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.    An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d.    An award of unpaid wages due under the FLSA and New York Labor Law due to Defendants' policy of time-shaving;

e.    An award of unpaid "spread of hours" premium due under the New York Labor Law;

13

f.     An award of liquidated and/or punitive damages as a result of Defendants'
       willful failure to pay overtime compensation and wages pursuant to 29
       U.S.C. § 216;

g.     An award of liquidated and/or punitive damages as a result of Defendants'
       willful failure to pay overtime compensation, wages and "spread of hours"
       premium pursuant to the New York Labor Law;

h.     An award of statutory penalties, and prejudgment and postjudgment
       interest;

i.     An award of costs and expenses of this action together with reasonable
       attorneys' and expert fees; and

j.     Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands
trial by jury on all issues so triable as of right by jury.

Dated: May 6, 2014

Respectfully submitted

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3979)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorney for Plaintiff, FLSA Collective
Plaintiffs, and the Class*

By: _____
     C.K. Lee, Esq.

14